UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

1) PATRICK M. PARRICK,

Plaintiff,

v.

1) PROGRESSIVE NORTHERN INSURANCE CO.,

Defendant.

Case No.: 12-cv-352-TCK-FHM

*(formerly District Court of Creek County; Case No. CJ-2012-20)*

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Progressive Northern Insurance Company (hereinafter referred to as "Progressive"), hereby removes the above-captioned action from the District Court in Creek County, State of Oklahoma, to this Court. Pursuant to LCvR 81.2, a certified copy of the state court docket sheet as well as all documents filed or served in the state court action are attached hereto as **EXHIBITS 1-3, 8-11**. As shown in the docket sheet, there are no pending motions at this time. *See* LCvR 81.2. Progressive has neither received nor filed other pleadings or papers in this case.

The removal of this case to federal court is based on the following:

1. Plaintiff Patrick M. Parrick ("Plaintiff") commenced this action against Progressive in the District Court of Creek County, State of Oklahoma (Case No. CJ-2012-20), on May 23, 2012. (*See* Plaintiff's Petition, attached as **EXHIBIT 2**.)

2. On May 29, 2012, pursuant to Oklahoma Statute, Title 36, Section 621(B) Plaintiff served a summons and copy of the Petition against Progressive by service of process upon the Oklahoma Insurance Commissioner. (*See* Return of Service Documents, attached as **EXHIBIT 3**.)

3. In his Petition, Plaintiff alleges that on February 25, 2012, Plaintiff "discovered that vandalism had occurred within the interior of his truck and specifically that the inside of the cab of [P]laintiff's truck had been set on fire." (*See* Petition, p.1, ¶ 2, **EXHIBIT 2**.) As a result of the theft and burn, Plaintiff alleges he is owed $5,845.54 pursuant to his insurance contract "together with costs expended . . . interest as provided for by law, attorney's fees and such other and further relief as the court deems equitable and proper." (*See* Petition, pp.2-3, ¶ 7, **EXHIBIT 2**.) Additionally, Plaintiff has asserted a bad faith cause of action against Progressive, seeking "a sum exceeding $25,000.00 together with costs, attorney's fees and such other and further relief as the court deems equitable and proper not to exceed the jurisdictional amount for state jurisdiction." (*See* Petition, pp. 4-5, ¶¶ 11-12, **EXHIBIT 2**.)

4. At the time of the relevant accident, Progressive insured Plaintiff's 1989 International F93 under policy no. 04729297-1. The policy provided $15,000.00 in comprehensive coverage, minus the deductible. (*See* Declarations Page, attached as **EXHIBIT 4**.)

5. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Rasul v. Bush*, 542 U.S. 466, 489 (2004). For a federal court to have original jurisdiction of a case or controversy, there must exist a federal question or diversity jurisdiction. At the time the Petition was filed, there existed no federal question at issue. Specifically, there were no allegations that the Constitution or any federal statute had been violated. (*See* Petition, **EXHIBIT 2**.)

6. However, as of the moment Plaintiff filed the Petition, there existed diversity jurisdiction. (*See* Petition, **EXHIBIT 2**.)

7. Specifically, as of the date of Plaintiff's filing his Petition, pursuant to 28 U.S.C. § 1332(a)(2), this action is a civil action over which this Court has original jurisdiction, as it is between

citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interest and costs, as shown below.

8. At the time of filing, the relevant time period, upon information and belief, Plaintiff was a resident and citizen of the State of Oklahoma. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004) (stating that jurisdiction depends upon the state of things at the time of filing). Plaintiff was not a citizen of the State of Ohio or Wisconsin. (*See* Declarations Page, **EXHIBIT 4.**)

9. For purposes of removal under 28 U.S.C. § 1441, a corporation shall be deemed to be a citizen of any State by which it has been incorporated and the State where it has its principal place of business. 28 U.S.C. § 1332(c). While Congress never defined exactly what is a "principal place of business," the Supreme Court recently held unanimously that a corporation's principal place of business is presumed to be the place of the corporation's "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010).

10. At the time of filing, Progressive was a foreign corporation, incorporated under the laws of the state of Wisconsin and its "nerve center" or "principal place of business" is Ohio. Progressive was not a citizen of the State of Oklahoma. (*See* Annual Statement, attached as **EXHIBIT 5.**)

11. The requirement that Plaintiffs seek in excess of $75,000.00, exclusive of interest and costs, is also met. "The right of removal depends upon the case disclosed by the pleadings when the petition therefor is filed." *Woerter v. Orr*, 127 F.2d 969 (10th Cir. 1942). As disclosed by the pleadings, Plaintiff is seeking in excess of $75,000.00, exclusive of interest and costs, with respect to all of Plaintiff's causes of action, in the aggregate.

12. Specifically, the Petition asserts two causes of action against Progressive: (1) breach of contract; and (2) bad faith. With respect to the first cause of action, Plaintiff is seeking $5,845.54

pursuant to his insurance contract "together with costs expended . . . interest as provided for by law, attorney's fees and such other and further relief as the court deems equitable and proper." (*See* Petition, pp.2-3, ¶ 7, **EXHIBIT 2**.) With respect to the bad faith claim, Plaintiff is seeking "a sum exceeding $25,000.00 together with costs, attorney's fees and such other and further relief as the court deems equitable and proper not to exceed the jurisdictional amount for state jurisdiction." (*See* Petition, p.5, ¶ 12, **EXHIBIT 2**.)

13. "[W]here a single plaintiff has multiple claims against a single defendant or against two or more defendants jointly, and the claims are of such character that they may properly be joined in one suit, the aggregate amount thereof is for the purpose of federal jurisdiction the amount in controversy." *Alberty v. Western Ins. Co.*, 249 F.2d 537, 538 (10th Cir. 1957).

14. In this case, a single Plaintiff, Patrick M. Parrick, has multiple causes of action against a single defendant, Progressive. Further, the aggregate amount of Plaintiff's causes of action exceed the amount required for diversity jurisdiction. Specifically, even though one cause of action may not exceed $75,000.00, when taken together, Plaintiff is seeking at least $80,845.54 for the two causes of action against Progressive.

15. Regardless, Plaintiff's cause of action for bad faith, alone, allows for this Court to have original diversity jurisdiction. Specifically, in circumstances where a plaintiff seeks to avoid federal jurisdiction by expressly limiting their damages to less than the jurisdictional amount, the removing party-defendant may still prove that the amount in controversy exceeds the jurisdictional threshold. *See Cox v. Allstate Ins. Co.*, 2008 WL 2167027, at *2 (W.D. Okla.). In other words, "defendants must establish that it is not legally impossible for the amount at issue to exceed [$75,000.00]"). *Id.* *See also Balog v. Jeff Bryan Transport LTD*, 2010 WL 3075288 (W.D. Okla.) ("The removing party

must prove jurisdictional facts by a preponderance of the evidence such that the amount in controversy *may* exceed $75,000.")

16. In this case, "it is not legally impossible for the amount at issue to exceed" $75,000.00. The United States "Supreme Court has long held that when a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in removal proceeding based upon diversity of citizenship." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933) (justifying removal to federal court based on diversity jurisdiction, notwithstanding state statute directive that attorney's fees should be taxed as costs). Thus, even if the bad faith damages estimated by Plaintiff are as Plaintiff alleges (totaling no more than exactly $75,000.00), the statutory availability of Plaintiff to recover the attorneys fees he is seeking, if he is the prevailing party, need only amount to $0.01 to bring this case over the "amount in controversy" minimum.

17. Specifically, 36 O.S. § 3629, allows Plaintiff (or Defendant) to recover its attorney fees. According to the statutory language:

> A. An insurer shall furnish, upon written request of any insured claiming to have a loss under an insurance contract issued by such insurer, forms of proof of loss for completion by such person, but such insurer shall not, by reason of the requirement so to furnish forms, have any responsibility for or with reference to the completion of such proof or the manner of any such completion or attempted completion.
>
> B. It shall be the duty of the insurer, receiving a proof of loss, to submit a written offer of settlement or rejection of the claim to the insured within ninety (90) days of receipt of that proof of loss. **Upon a judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party.** For purposes of this section, the prevailing party is the insurer in those cases where judgment does not exceed written offer of settlement. In all other judgments the insured shall be the prevailing party. If the insured is the prevailing party, the court in rendering judgment shall add interest on the verdict at the rate of fifteen percent (15%) per year from the date the loss was payable

> pursuant to the provisions of the contract to the date of the verdict. This provision shall not apply to uninsured motorist coverage.

36 O.S. § 3629 (emphasis added).

18. In counsel for Defendant's most recent case involving a bad faith claim premised on a property damage boat claim, Defendant was the prevailing party. *See* Judgment, *Morton v. Progressive Northern Insurance Company*, United States District Court for the Western District of Oklahoma, Case No. 09–cv-1406-W, Docket No. 125, attached as **EXHIBIT 6**. Similar to this case, the *Morton* case involved a claim for property damage. Because Defendant was the prevailing party, and Defendant's counsel charged reasonable hourly rates and kept meticulous time records, Defendant was entitled to recover attorney fees, totaling $139,225.00. *See* Order, *Morton*, Docket No. 148, attached as **EXHIBIT 7**.

19. There is no doubt that attorney fees will exceed the $0.01 necessary to bring the bad faith cause of action alone into the threshold required for diversity jurisdiction.

20. Therefore, based on the foregoing, removal is proper under 28 U.S.C. § 1441(a) on the ground that this is a civil action over which the court has original jurisdiction under 28 U.S.C. § 1332(a)(2), as the parties are diverse and the amount in controversy with respect to Plaintiff's claims exceeds $75,000.00, exclusive of interest and costs.

21. Next, federal statute requires that none of the parties served as defendants be citizens of the State in which the action is brought. *See* 28 U.S.C. § 1441(b). As shown above, Progressive is not a citizen of Oklahoma, the State in which this action was brought.

22. This Notice of Removal is timely filed with this court, pursuant to 28 U.S.C. § 1446(b), because 30 days have not elapsed since this action became removable to this Court. (*See* Petition, filed on May 23, 2012, **EXHIBIT 2**.) Additionally, pursuant to the same federal statute, one

23. Lastly, this Notice of Removal has been removed to the proper federal district court. The pertinent language of 28 U.S.C. § 1446(a) provides that the defendant shall file the Notice of Removal in "the district court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a). Currently, this action is pending in the District Court of Creek County, State of Oklahoma. The Northern District of Oklahoma includes the County of Tulsa County. *See* 28 U.S.C. § 116(a). Therefore, removal to this Court is proper.

24. Pursuant to 28 U.S.C. § 1446(d), Progressive will serve written notice of the filing of this Notice of Removal upon Plaintiff, and Progressive has filed a copy of the Notice of Removal with the Clerk of the District Court in and for Creek County, State of Oklahoma.

WHEREFORE, Defendant, Progressive, removes this action from the District Court in and for Creek County, State of Oklahoma, to the United States District Court for the Northern District of Oklahoma.

Respectfully submitted,

Brad L. Roberson, OBA No. 18819
Dearra R. Godinez, OBA No. 30088
PIGNATO, COOPER,
KOLKER & ROBERSON, P.C.
1120 Robinson Renaissance
119 North Robinson Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 606-3333
Facsimile: (405) 606-3334
**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

This certifies that on June 19, 2012, the above and foregoing instrument was delivered to the following counsel of record:

Mike Jones, Esquire
MIKE JONES, P.C.
116 North Elm
Bristow, Oklahoma 74010
Telephone: 918-367-3303
Facsimile: 918-367-5856
Email: joneslaw@swbell.net
**ATTORNEYS FOR PLAINTIFF**

***VIA CERTIFIED MAIL***

The Honorable Joe Sam Vassar
Creek County Courthouse
110 West 7th Street
Bristow, Oklahoma 74010

***VIA U.S. MAIL***

Amanda VanOrsdol, Court Clerk
Creek County Courthouse
Post Office Box 1055
Bristow, Oklahoma 74010-1055

***VIA U.S. MAIL***

For the Firm