EXHIBIT 2

IN THE DISTRICT COURT IN AND FOR CREEK COUNTY
BRISTOW DIVISION
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
CREEK COUNTY BRISTOW OK
MAY 23 2012
TIME 1:37 CH
Amanda VanOrsdol, Court Clerk

| | |
|---|---|
| PATRICK M. PARRICK | ) |
| Plaintiff, | ) |
| -vs- | ) Case No. B-CJ 2012-20? |
| PROGRESSIVE INSURANCE CO. | ) ATTORNEY LIEN CLAIMED |
| | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

## PETITION

COMES NOW Plaintiff, Patrick M. Parrick, and for his causes of action against the Defendant, Progressive Insurance Co., alleges and states as follows, to wit:

### BREACH OF CONTRACT

1. Plaintiff alleges that on the 25th day of February, 2012 plaintiff was the owner of a 1989 International 9300 bearing serial number 2HSFEGUR5KC026464 which plaintiff had insured with defendant for comprehensive insurance in a stated sum of $15,000.00. Plaintiff's vehicle was insured by defendant bearing policy number 04729207-1.

2. On the 25th day of February, 2012 plaintiff discovered that vandalism had occurred within the interior of his truck and specifically that the inside of the cab of plaintiff's truck had been set on fire.

3. Plaintiff thereafter pursuant to his obligations under the insurance policy duly reported the loss to the defendant and presented a claim to the defendant for the loss occasioned to plaintiff.

4. Thereafter defendant conducted whatever investigation defendant did and specifically requested all records from plaintiff in their investigation and took possession of plaintiff's

1

vehicle and secured a Power of Attorney from the defendant and further converted plaintiff's truck to defendant's use and benefit and said defendant has disposed of plaintiff's truck, whereabouts unknown to plaintiff.

5. Plaintiff alleges that the damage inflicted to plaintiff's truck has resulted in a total loss of the same and that plaintiff is entitled to either the actual cash value of the truck on the date of loss or the stated value of the truck which in the instance of the insurance policy is the sum of $15,000.00, the amount the truck was insured for and for which plaintiff paid a premium.

6. Approximately 3 months has passed since the loss of plaintiff's truck and plaintiff continues to bear interest on plaintiff's note for the purchase of the same, loss of use of the vehicle and other incidental damages for which plaintiff seeks judgment against the defendant on plaintiff's claim for breach of contract.

7. On or about the 11th day of May, 2012 defendant issued to plaintiff a check in the sum of $8,157.46 claiming that said tender was payment of the undisputed amount of the 1989 International less savage and $1,000.00 deductible. Plaintiff alleges that defendant is entitled to deduct the $1,000.00 deductible but that defendant has converted the salvage to defendant's exclusive use and benefit and has converted the value of the salvage from plaintiff. Plaintiff prays for judgment against the defendant in the sum of $5,842.54 for breach of contract for the stated amount of coverage on plaintiff's vehicle for its total loss together with costs incurred herein and attorney's fees for defendant's breach of contract.

**WHEREFORE,** premises considered, plaintiff prays for judgment against the defendant for defendant's breach of contract in the sum of $5,842.54 together with costs

expended herein interest as provided for by law, attorney's fees and such other and further relief as the court deems equitable and proper.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

Comes now plaintiff and for his cause of action of action against the defendant for breach of the duty of good faith and fair dealing, alleges and states as follows, to wit:

8. Plaintiff re-alleges all of the allegations contained in plaintiff's numbered paragraphs 1 through 7.
9. Plaintiff alleges that plaintiff has fully cooperated with defendant in the investigation of plaintiff's loss.
10. Plaintiff alleges that the defendant has breached the duty of good faith and fair dealing with plaintiff in either or all of the following particulars for which plaintiff is entitled to recover:
    a. Defendant has performed an inadequate investigation;
    b. Defendant failed to properly investigate plaintiff's claim of plaintiff's damage;
    c. Defendant failed to offer settlement within a reasonable time after reasonable investigation and evaluation in favor of its insured;
    d. Unreasonable delay in investigation of the claim and evaluation of the same and delay and inadequacy of payment;
    e. Defendant failed to fairly and reasonably evaluate damages;
    f. Defendant has wrongfully delayed investigation, evaluation and has made a low ball payment with the intention of causing emotional distress to plaintiff for which plaintiff is entitled to damages;
    g. Defendant has committed deception;

3

    h. Said defendant has impeded the insured by imposing burdensome documentation demands not required by the facts or the policy of insurance;

    i. Said defendant has committed fraudulent, intrusive or harassing investigating methods;

    j. Defendant has engaged in low balling or has engaged in unwarranted disputes concerning the value of the loss due to the vehicle being insured for a stated value;

    k. Defendant has insinuated and accused plaintiff of effectuating plaintiff's own loss;

    l. Defendant has created issues simply to compromise the duty to pay the full amount of the claim and has engaged in a design or scheme to not pay insurer's their rightful benefits;

    m. The defendant has failed to comply with industry standards as to the reasonable expectation of insureds for prompt investigation and payment of claims;

    n. Defendant has been guilty of use of oppression and has forced plaintiff to hire counsel and institute suit to secure benefits rightfully owed;

    o. Defendant has been guilty of unreasonably handling plaintiff's claim causing its insured to litigate unnecessarily; and

    p. Plaintiff claims that the actions of the defendant in the tortuous handling of plaintiff's claim has resulted in emotional distress inflicted upon plaintiff and that defendant is guilty of the tort of outrage towards plaintiff. Plaintiff alleges that plaintiff has been humiliated, embarrassed, treated like a criminal and has not been afforded the peace of mind promised to plaintiff by virtue of the insurance policy purchased by plaintiff.

11. Plaintiff prays for judgment against the defendant for a sum exceeding $25,000.00 on plaintiff's second cause of action to be determined by the tryer of facts not to exceed the

statutorily mandated limit invoking federal jurisdiction, $75,000.00 and for such other and further relief as the court deems equitable and proper.

**WHEREFORE,** premises considered, plaintiff prays for judgment against the defendant on plaintiff's second cause of action in a sum exceeding $25,000.00 together with costs, attorney's fees and such other and further relief as the court deems equitable and proper not to exceed the jurisdictional amount for state jurisdiction.

Respectfully submitted,

*/s/ Mike Jones*

Mike Jones, O.B.A. #4821
MIKE JONES, P.C.
116 N. Elm
Bristow, Oklahoma 74010
Telephone:   (918) 367-3303
Facsimile:   (918) 3675856
Email:   joneslaw@swbell.net
**ATTORNEY FOR PLAINTIFF**

5

## VERIFICATION

STATE OF OKLAHOMA    )
                     )  ss.
COUNTY OF CREEK      )

I, Patrick M. Parrick, duly swear upon oath, that:

1. That I am the Plaintiff herein;

2. That I have read the above Petition and the same is true and correct to the best of my knowledge, information and belief.

*/s/ Patrick M. Parrick*
Patrick M. Parrick

Subscribed and sworn to before me this 23rd day of May, 2012.

*/s/ Dawna Machelle Willis*
Dawna Machelle Willis, Notary Public
My commission no. #05006053
My commission expires: 07-01-13

[Notary Seal: DAWNA MACHELLE WILLIS, NOTARY PUBLIC, #05006053, Exp. 07-01-13, IN AND FOR STATE OF OKLAHOMA]

6